IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIE JOHN HANNA, II, | § § | |
| *Plaintiff,* | § § § | SA-18-CV-01317-FB |
| vs. | § § § | |
| BEXAR COUNTY (TX) DISTRICT ATTORNEY, GUADALUPE COUNTY (TX) DISTRICT ATTORNEY; AND GUADALUPE COUNTY ATTORNEY DAVID WILBORN, | § § § § § § | |
| *Defendants.* | § § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Complaint [#1] and Amended Complaint [#6]. This case was automatically referred to the undersigned upon filing for disposition of Plaintiff's request to proceed *in forma pauperis* ("IFP") and for an initial frivolousness analysis pursuant to 28 U.S.C. § 1915(e). The record reflects that Plaintiff originally filed this action in the District of Maryland, and the case was transferred to this Court on December 17, 2018 [#4]. On December 20, 2018, the undersigned granted Plaintiff's motion to proceed IFP and ordered Plaintiff to address certain deficiencies identified in Plaintiff's Original Complaint [#5]. Plaintiff filed an Amended Complaint on January 22, 2019 [#6] in an attempt to cure these deficiencies.

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

against a defendant who is immune from such relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).  The undersigned now undertakes its review of Plaintiff's Complaint and Amended Complaint under Section 1915(e).  The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).  Having considered the pleadings under the governing law, the Court finds that Plaintiff alleges at least one non-frivolous claim and will therefore order his Amended Complaint [#6] to be served on Defendants the Bexar County District Attorney, the Guadalupe County District Attorney, and David Wilborn.

### I.  Factual Allegations in the Pleadings

Plaintiff's Original Complaint sued the State of Texas, the Bexar County District Attorney, the Guadalupe County District Attorney, and David Wilborn for malicious prosecution.  (Compl. [#1].)  Plaintiff alleged that during his campaign for State Senate in Maryland in 2014, Defendants David Wilborn (Guadalupe County Attorney), the Office of Bexar County District Attorney, and the Office of the Guadalupe County District Attorney conspired to indict and maliciously prosecute Plaintiff in an attempt to destroy his political campaign.  (*Id.* at ¶¶ 1–21.)  According to Plaintiff, the ensuing indictment was ultimately dismissed on December 12, 2017 after a special prosecutor was appointed to the case and it was discovered that the indictment was filed outside the applicable statute of limitations.  (*Id.*)

Plaintiff's Original Complaint invoked this Court's diversity jurisdiction as a basis for his malicious prosecution suit (*id.* at ¶ 3), which suggested he was asserting a claim under Texas tort

---

[1] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

law and not attempting to plead a malicious prosecution claim under federal civil rights law.[2]

Although there is complete diversity of citizenship among the parties to this litigation, the undersigned concluded that Plaintiff's state-law claim of malicious prosecution was barred by principles of state sovereign immunity under Texas law (as to the State of Texas and the other Defendants in their official capacities), and by the doctrine of prosecutorial immunity as to any Defendant prosecutor sued in his or her individual capacity.

Plaintiff's Amended Complaint no longer names the State of Texas as a Defendant and supplements his factual allegations against the Bexar County District Attorney, the Guadalupe County District Attorney, and David Wilborn. (Am. Compl. [#6] at 1.) Plaintiff again pleads diversity jurisdiction and references a malicious prosecution claim under Texas law. (*Id.* at 1–2.) However, Plaintiff also pleads new claims of false imprisonment and a due process violation pursuant to 42 U.S.C. § 1983. (*Id.* at 6–7.)

Plaintiff's more detailed factual allegations in his Amended Complaint state as follows: Plaintiff and Defendant Wilborn were involved in a 2008 transaction in which Plaintiff purchased a vehicle from Wilborn. (*Id.* at 2–3.) Six years later, in 2014, Plaintiff was campaigning for the Maryland State Senate. (*Id.* at 3.) In May of that year, Plaintiff received a text message from Wilborn, threatening to destroy Plaintiff's political campaign if he did not pay Wilborn $4,500. (*Id.*) In the text message, Wilborn informed Plaintiff that he was now a prosecutor (the Guadalupe County Attorney) and touted his credentials as a way of making Plaintiff's life "very uncomfortable" if he did not comply. (*Id.*)

---

[2] In 2003, the Fifth Circuit issued an *en banc* decision holding that no freestanding constitutional right to be free from malicious prosecution exists and that any pleading asserting a Section 1983 claim based on malicious prosecution must clearly identify a separate constitutional violation, such as a Fourth Amendment violation based on a subsequent arrest. *Castellano v. Fragozo*, 352 F.3d 939, 945, 953 (5th Cir. 2003).

Plaintiff alleges that the day after he received this text message, Wilborn conspired with the Office of the Bexar County District Attorney to unlawfully have a case against Plaintiff transferred from Bexar County to Guadalupe County. (*Id.* at 3.) It is unclear from Plaintiff's allegations the nature of the claims against him, but it appears that the case concerned the vehicle transaction in 2008 and Wilborn was the alleged victim of the crime committed by Plaintiff. (*Id.*) Wilborn allegedly then had his District Attorney of Guadalupe County convene a Grand Jury and secure an indictment of Plaintiff within the week of the Senate election in Maryland. (*Id.*) Plaintiff claims Wilborn widely publicized the indictment in Maryland to both print and television media, sent them a copy of the indictment, and contacted Plaintiff's policitcal opponent, who was ultimately elected to the Senate seat. (*Id.* at 3–4.)

Plaintiff claims he was arrested in November 2015 for the indictment and transferred from Maryland to Texas. (*Id.* at 4.) While Plaintiff was incarcerated, he moved for the disqualification of the County Attorney and District Attorney's Office on the basis of a conflict of interest in the prosecution of his case due to Wilborn being both prosecutor and victim. (*Id.*) The motion was granted, and a special prosecutor was appointed to the case on January 21, 2016. (*Id.*) According to Plaintiff, the case was ultimately dismissed on December 12, 2017 after a special prosecutor was appointed to the case and it was discovered that the indictment was filed outside the applicable statute of limitations. (*Id.* at 5; Orig. Compl. [#1].)

## II. Analysis

State sovereign immunity prevents Plaintiff from suing any of the named Defendants in their official capacity for the Texas tort of malicious prosecution. In most circumstances, absolute prosecutorial immunity also prohibits a suit for malicious proseuction against a prosecutor in his or her individual capacity. Plaintiff's pleadings, however, allege numerous acts

taken by Defendant Wilborn and the Bexar County and Guadalupe County District Attorneys that could fall outside of the judicial process, such that these acts would fall outside the immunity doctrine. Accordingly, Plaintiff's Complaint and Amended Complaint are not frivolous in their entirety and should be served on Defendants.

## A. Sovereign Immunity as to Malicious Prosecution Claim

Plaintiff's state-law claim of malicious prosecution against any Defendant sued in an official capacity is barred by principles of state sovereign immunity under Texas law.[3] *See Craig v. Dallas Area Rapid Transit Auth.*, 504 Fed. App'x 328, 334 (5th Cir. 2012). State sovereign immunity prohibits suits against the State of Texas and its political subdivisions, such as cities and counties, absent their consent to be sued. *Travis Cty. v. Pelzel & Assocs.*, 77 S.W.3d 246, 248 (Tex. 2002); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995); *see also* Tex. Civ. Prac. & Rem. Code § 101.001(3) (broadly construing definition of state "governmental unit").

The Texas Tort Claims Act waives the governmental immunity of cities and counties (and officials sued in their official capacities) for certain acts but does not waive immunity for intentional torts. Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.057(a) (providing that the Texas Tort Claims Act expressly does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort"). To prove the tort of malicious prosecution under Texas law, "the plaintiff must prove not only that the defendant commenced criminal proceedings against her and she is innocent of the crime charged, but also that the defendant lacked probable cause and harbored malice toward her." *Kroger Tex. Ltd. P'ship v. Suberu*, 216

---

[3] Where jurisdiction is based on diversity of citizenship, as here, this Court applies the forum state's jurisprudence and defers to sovereign immunity law as articulated by Texas courts. *Webb v. City of Dallas, Tex.*, 314 F.3d 787, 792 (5th Cir. 2002).

S.W.3d 788, 794 (Tex. 2006). Accordingly, malicious prosecution is considered an intentional tort under Texas law. *Craig*, 504 Fed. App'x at 334 (citing *Kroger Tex. Ltd. P'ship*, 216 S.W.3d at 794). The Bexar County District Attorney, the Guadalupe County District Attorney, and David Wilborn are immune from suit for malicious prosecution under the Eleventh Amendment insofar as Plaintiff is suing each of these Defendants in their official capacities.

**B.     Prosecutorial Immunity as to State and Federal Claims**

Additionally, prosecutors enjoy absolute immunity from suit, regardless of whether they are sued in their individual or official capacities. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) ("Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.") Texas courts follow federal jurisprudence in construing the doctrine of prosecutorial immunity. *Font v. Carr*, 867 S.W.2d 873, 877 (Tex.App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.). This absolute immunity covers a prosecutor's actions associated with the judicial phase of the criminal process and has been held to extend to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Imbler*, 424 U.S. at 430; *see also Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Prosecutorial immunity does not, however, extend to acts taken outside of the judicial process, such as comments to the press and media or actions taken in a non-prosecutorial capacity. *Buckley*, 509 U.S. at 277. Plaintiff's Amended Complaint alleges that Wilborn engaged in malicious prosecution in violation of Texas law, as well as violated Plaintiff's civil

rights by causing his false imprisonment and depriving him of due process. Plaintiff states that although Wilborn was a prosecutor at the time, Wilborn was acting out a personal vendetta as the alleged victim in the underlying indictment brought against Plaintiff and that this fact brings this case outside of the bounds of prosecutorial immunity. (Am. Compl. [#6] at 2.) Plaintiff alleges that Wilborn personally threatened Plaintiff with indictment, attempted to extort money from him, and threatened to contact his political opponent and the media to destroy his campaign. (*Id.* at 2–3.) Plaintiff further claims that Wilborn conspired with the Offices of the Bexar County District Attorney and the Guadalupe County District Attorney to obtain the indictment in Bexar County and then have the case transferred to Guadalupe County where Wilborn was the chief law enforcement officer. (*Id.* at 3.) Plaintiff alleges that Wilborn did in fact widely disseminate information about the indictment to both print and television media in Maryland, as well as to his opponent, now former State Senator Lisa Gladden. (*Id.* at ¶ 3–4.) If a Court were to find that any of these acts were taken outside of the normal course of judicial proceedings, any of the Defendants sued in their individual capacities would enjoy qualified, not absolute, immunity from suit. *See Buckley*, 509 U.S. at 277.

Accordingly, Plaintiff alleges at least one non-frivolous claim against David Wilborn, the Bexar County District Attorney, and the Guadalupe County District Attorney. The inclusion of a non-frivolous claim in his Amended Complaint warrants its service on these three Defendants.[4]

### III.  Conclusion

Having considered Plaintiff's Complaint and Amended Complaint under the standards set forth in 28 U.S.C. §1915(e),

---

[4] Of course, nothing in Order, which only involves an initial review for frivolousness, should be understood as precluding Defendants from challenging any of the claims asserted by Plaintiff in a motion to dismiss or other subsequent filing.

**IT IS HEREBY ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served and the United States Marshal's Service shall serve each defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

**IT IS FURTHER ORDERED** that, following service, Defendants shall file an Answer or other response to Plaintiff's Complaint, according to Federal Rule of Civil Procedure 12.

Local Court Rule CV-7 provides a seven day time period within which an opposing party may file a response to a nondispositive motion and a 14-day period within which an opposing party must file a response to a dispositive motion. Plaintiff is advised that if he desires to respond to any motion that any Defendant may file, his response must be filed in a timely manner. Failure to file a timely response will be interpreted as lack of opposition to the relief requested in the motion and could result in the dismissal of claims or Plaintiff's case based on Plaintiff's failure to timely prosecute.

Plaintiff is reminded that it is his responsibility to advise the United States District Clerk's Office and defendant of her current address and to promptly furnish change of address when such occurs. Failure to do so may be interpreted as failure to prosecute and result in dismissal of the case.

Plaintiff is further advised of his responsibility under Rule 5 of the Federal Rules of Civil Procedure and Local Court Rule CV-5 to serve a copy of any pleading filed on counsel for Defendants. Failure to do so could result in the imposition of sanctions.

**IT IS SO ORDERED.**

SIGNED this 5th day of February, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE