IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILLIE JOHN HANNA, II,                    §
                                          §
            *Plaintiff,*                   §          SA-18-CV-01317-FB
                                          §
vs.                                       §
                                          §
BEXAR COUNTY (TX) DISTRICT                §
ATTORNEY, GUADALUPE COUNTY                §
(TX) DISTRICT ATTORNEY; AND               §
GUADALUPE COUNTY ATTORNEY                 §
DAVID WILBORN,                            §
                                          §
            *Defendants.*                  §


**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Bexar County District Attorney's Rule 12(b)

Motion to Dismiss Plaintiff's Revised Complaint [#17] and Guadalupe County Defendants' Rule

12(b) Motion to Dismiss Plaintiff's Revised Complaint [#19].  All pretrial matters in this case

have been referred to the undersigned for disposition pursuant to Western District of Texas Local

Rule CV-72 and Appendix C [#11].  The undersigned has authority to enter this recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B).  By their motions, Defendants seek dismissal of all of

Plaintiff's claims on the basis that they are barred by the applicable statute of limitations.

On May 28, 2019, noting that Plaintiff had failed to file a response to either motion, the

undersigned issued a report and recommendation to the District Court recommending that the

Court grant Defendants' motions to dismiss and dismiss all of Plaintiff's claims as untimely filed

[#20].  The undersigned returned the case to the District Court for final disposition.  Several

weeks later, Plaintiff contacted the Court inquiring about his case and indicating that he had never received a copy of the motions or the Court's report and recommendation. The Court therefore granted Plaintiff a continuance to file any response to the motions [#24]. After Plaintiff filed responses to both motions [#25] and to the previous report and recommendation [#26], the District Court referred this case back to the undersigned for a new report and recommendation in light of these new filings. After considering Plaintiff's filings, the undersigned recommends that Defendants' motions to dismiss Plaintiff's claims as time barred be denied.

## I. Factual Allegations in the Pleadings

Plaintiff's Original Complaint sued the State of Texas, the Bexar County District Attorney, the Guadalupe County District Attorney, and David Wilborn for malicious prosecution. (Compl. [#1].) Plaintiff alleged that during his campaign for State Senate in Maryland in 2014, Defendants David Wilborn (Guadalupe County Attorney), the Office of Bexar County District Attorney, and the Office of the Guadalupe County District Attorney conspired to indict and maliciously prosecute Plaintiff in an attempt to destroy his political campaign. (*Id.* at ¶¶ 1–21.) According to Plaintiff, the ensuing indictment was ultimately dismissed on December 12, 2017 after a special prosecutor was appointed to the case and it was discovered that the indictment was filed outside the applicable statute of limitations. (*Id.*)

Plaintiff's Original Complaint invoked this Court's diversity jurisdiction as a basis for his malicious prosecution suit (*id.* at ¶ 3), which suggested he was asserting a claim under Texas tort law and not attempting to plead a malicious prosecution claim under federal civil rights law.[1]

---

[1] In 2003, the Fifth Circuit issued an *en banc* decision holding that no freestanding constitutional right to be free from malicious prosecution exists and that any pleading asserting a Section 1983 claim based on malicious prosecution must clearly identify a separate constitutional violation, such as a Fourth Amendment violation based on a subsequent arrest. *Castellano v. Fragozo*, 352 F.3d 939, 945, 953 (5th Cir. 2003).

Although there is complete diversity of citizenship among the parties to this litigation, the undersigned concluded that Plaintiff's state-law claim of malicious prosecution was barred by principles of state sovereign immunity under Texas law (as to the State of Texas and the other Defendants in their official capacities), and by the doctrine of prosecutorial immunity as to any Defendant prosecutor sued in his or her individual capacity.

Plaintiff's Amended Complaint no longer names the State of Texas as a Defendant and supplements his factual allegations against the Bexar County District Attorney, the Guadalupe County District Attorney, and David Wilborn. (Am. Compl. [#6] at 1.) Plaintiff again pleads diversity jurisdiction and references a malicious prosecution claim under Texas law. (*Id.* at 1–2.) However, Plaintiff also pleads new claims of false imprisonment and a due process violation pursuant to 42 U.S.C. § 1983. (*Id.* at 6–7.)

Plaintiff's more detailed factual allegations in his Amended Complaint state as follows: Plaintiff and Defendant Wilborn were involved in a 2008 transaction in which Plaintiff purchased a vehicle from Wilborn. (*Id.* at 2–3.) Six years later, in 2014, Plaintiff was campaigning for the Maryland State Senate. (*Id.* at 3.) In May of that year, Plaintiff received a text message from Wilborn, threatening to destroy Plaintiff's political campaign if he did not pay Wilborn $4,500. (*Id.*) In the text message, Wilborn informed Plaintiff that he was now a prosecutor (the Guadalupe County Attorney) and touted his credentials as a way of making Plaintiff's life "very uncomfortable" if he did not comply. (*Id.*)

Plaintiff alleges that the day after he received this text message, Wilborn conspired with the Office of the Bexar County District Attorney to unlawfully have a case against Plaintiff transferred from Bexar County to Guadalupe County. (*Id.* at 3.) It is unclear from Plaintiff's allegations the nature of the claims against him, but it appears that the case concerned the vehicle

transaction in 2008 and Wilborn was the alleged victim of the crime committed by Plaintiff. (*Id.*) Wilborn allegedly then had his District Attorney of Guadalupe County convene a Grand Jury and secure an indictment of Plaintiff within the week of the Senate election in Maryland. (*Id.*) Plaintiff claims Wilborn widely publicized the indictment in Maryland to both print and television media, sent them a copy of the indictment, and contacted Plaintiff's policitcal opponent, who was ultimately elected to the Senate seat. (*Id.* at 3–4.)

Plaintiff claims he was arrested in November 2015 for the indictment and transferred from Maryland to Texas. (*Id.* at 4.) While Plaintiff was incarcerated, he moved for the disqualification of the County Attorney and District Attorney's Office on the basis of a conflict of interest in the prosecution of his case due to Wilborn being both prosecutor and victim. (*Id.*) The motion was granted, and a special prosecutor was appointed to the case on January 21, 2016. (*Id.*) According to Plaintiff, the case was ultimately dismissed on December 12, 2017 after a special prosecutor was appointed to the case and it was discovered that the indictment was filed outside the applicable statute of limitations. (*Id.* at 5; Orig. Compl. [#1].) Defendants now move to dimiss Plaintiffs' claims in this lawsuit as untimely filed.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded

must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

This Court is mindful that in evaluating the merits of Defendants' motion to dismiss, a court views Plaintiff's *pro se* pleadings under a less stringent standard than those drafted by an attorney. *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). As a result, Plaintiff's filings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from these pleadings. *See id.*

## III. Analysis

Defendants' motions to dismiss should be denied. Insofar as Plaintiff is suing Defendants under Texas law for malicious prosecution, this claim is governed by a one-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.002(a). Plaintiff's claims arising under Section 1983 are governed by a two-year statute of limitations, because federal courts borrow the forum state's residual limitations period for personal-injury actions. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). Plaintiff also references a claim

under the Texas Tort Claims Act, though does not include any allegations for such claim. The statute of limitations for a claim under the Texas Tort Claims Act is also two years. Tex. Civ. Prac. & Rem. Code § 16.003(a).

Statute of limitations is an affirmative defense on which Defendants have the burden of proof. *See Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011). A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense only if the defense clearly appears based on the facts as alleged on the face of the pleadings. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Defendants contend that Plaintiff's claims are untimely because his allegations surround a conspiracy to maliciously prosecute Plaintiff in May 2014 and that Plaintiff should have known about the alleged violations by the time of his arrest on November 2015. Because Plaintiff filed his lawsuit on December 12, 2018, more than two years after these dates, Defendants argue that Plaintiff's lawsuit was filed outside of the governing statute of limitations. Plaintiff responds that his claims are timely because he could not have filed his complaint for malicious prosecution until after the state court disposed of the criminal charges against him on December 12, 2017, because it was only then that he knew the claims were without probable cause and the claim accrued. The undersigned agrees with Plaintiff. Defendants are not entitled to dismissal of Plaintiff's claims because they have not carried their burden to establish that the facts contained in Plaintiff's pleadings support their limitations defense.

Under Texas law, a cause of action for malicious prosecution accrues when the criminal prosecution ends, i.e., when criminal proceedings against the accused are terminated. *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 561 (Tex. App.—El Paso 2007, no pet.); *Patrick v. Howard*, 904 S.W.2d 941, 943 (Tex. App.—Austin 1995, no writ). The Fifth Circuit has applied

the same accrual analysis to malicious prosecution claims alleged under Section 1983. *See Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1306 (5th Cir. 1995). Plaintiff alleges that the criminal proceedings against him were dismissed on December 12, 2017 after a special prosecutor was appointed to the case and it was discovered that the indictment was filed outside the applicable statute of limitations. (Am. Compl. [#6] at 5.) Accordingly, Plaintiff's Complaint, which was filed on December 12, 2018, was filed within the one-year or two-year statute of limitations and was therefore timely.

## IV. Conclusion and Recommendation

Having considered Defendants' motions, as well as Plaintiffs' responses, the undersigned recommends that Bexar County District Attorney's Rule 12(b) Motion to Dismiss Plaintiff's Revised Complaint [#17] and Guadalupe County Defendants' Rule 12(b) Motion to Dismiss Plaintiff's Revised Complaint [#19] be **DENIED**. By separate order, the Court will set this case for an Initial Pretrial Conference.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not

consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE