IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIE JOHN HANNA, II, | § | |
| *Plaintiff,* | § | |
| vs. | § | SA-18-CV-01317-JKP |
| DISTRICT ATTORNEY OF GUADALUPE COUNTY, TEXAS, DISTRICT ATTORNEY OF BEXAR COUNTY, TEXAS, DAVID WILBORN, GUADALUPE COUNTY ATTORNEY; | § | |
| *Defendants.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#11]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Amended Complaint be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I. Background

Plaintiff filed this action, proceeding *pro se*, on December 12, 2018 by filing his Complaint for Malicious Prosecution against Defendants. Plaintiff's Original Complaint sued the State of Texas, the Bexar County District Attorney, the Guadalupe County District Attorney, and David Wilborn for malicious prosecution. (Compl. [#1].) Plaintiff alleged that during his campaign for State Senate in Maryland in 2014, Defendants David Wilborn (Guadalupe County

1

Attorney), the Office of Bexar County District Attorney, and the Office of the Guadalupe County District Attorney conspired to indict and maliciously prosecute Plaintiff in an attempt to destroy his political campaign. (*Id.* at ¶¶ 1–21.) According to Plaintiff, the ensuing indictment was ultimately dismissed on December 12, 2017 after a special prosecutor was appointed to the case and it was discovered that the indictment was filed outside the applicable statute of limitations. (*Id.*)

The undersigned has issued two previous reports and recommendations in this case, which detail the factual allegations before the Court as originally pleaded and as stated in Plaintiff's Amended Complaint. These allegations need not be repeated here. The undersigned's first report and recommendation recommended granting Defendants' motion to dismiss in part based on the lack of any opposition filed by Plaintiff to the motion and returned the case to the District Court [#20]. Plaintiff subsequently moved for an extension of time to file a response to Defendants' motion to dismiss. The Court granted the motion, allowed Plaintiff to respond to Defendants' arguments for dismissal, and re-referred this case to the undersigned [#24, #27]. The undersigned's second report and recommendation took into consideration Plaintiff's arguments and recommended denying the motion to dismiss [#28]. The Court adopted the recommendation [#32], and the undersigned set this case for an initial pretrial conference [#29].

On August 28, 2019, the Court held the conference as scheduled, but Plaintiff failed to appear. After the conference, the Court entered a Scheduling Order [#39] and also ordered Plaintiff to show cause for his absence at the conference [#38]. The record reflects that the show-cause order was mailed to Plaintiff at his address of record, 3719 Reistertown Road, Baltimore, MD 21215 on August 29, 2019. The Order directed Plaintiff to show cause why he failed to appear at the scheduled conference by filing a written response to the Court's order on

2

or before September 11, 2019. The Court further warned that a failure to do so could result in the dismissal of this case for lack of prosecution.

To date, Plaintiff has not filed any response to the Court's show-cause order. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). In light of Plaintiff's failure to appear at the scheduled initial pretrial conference and failure to respond to this Court's show-cause order, the undersigned will recommend that the District Court dismiss Plaintiff's Amended Complaint for failure to prosecute.

## II. Conclusion and Recommendation

Having considered the record in this cause, Plaintiff's repeated failure to follow Court orders, and specifically Plaintiff's failure to show cause for his absence at the initial pretrial conference in this case, the undersigned recommends that Plaintiff's Complaint be **DISMISSED** for failure to prosecute pursuant to Rule 41(b).

**IT IS ALSO ORDERED** that the District Clerk mail a copy of this report and recommendation to Plaintiff at his address on file, certified mail, return receipt requested.

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party

filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of September, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE