UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILLIE JOHN HANNA II,

    Plaintiff,

v.                                                              No. 5:18-cv-01317-JKP

DISTRICT ATTORNEY OF
GUADALUPE COUNTY, TEXAS;
DAVID WILBORN,
GUADALUPE COUNTY ATTORNEY;

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Guadalupe County Defendants' Motion for Summary Judgment*, ECF No. 55, to which Plaintiff Willie John Hanna II ("Hanna") responded, ECF No. 59. After due consideration, the Court grants the motion.

## I. BACKGROUND

Hanna and Defendant David Willborn, Guadalupe County Attorney[1] ("Willborn") were involved in a 2008 transaction in which Hanna purchased a 1994 Jaguar from Willborn. ECF No. 6 at 2-3. The check Hanna wrote to Willborn for the vehicle was returned unpaid. Willborn filed a request for assistance with the Bexar County District Attorney's Check Division on June 10, 2008. ECF No. 54-1, par. 5. The Check Division assists "merchants" with collection on "hot checks." *Id.*, par. 4. The Check Division sends notices "as required by §32.41 of the Texas Penal Code in an attempt to assist the merchant in collection." *Id.* When no response is received, the District Attorney's office may consider filing a criminal action "for issuance of a bad check or other similar sight order." *Id.* However, a criminal action is not filed for every bad check presented. *Id.*

---

[1] Spelling corrected based on David Willborn's affidavit, ECF No. 55-2.

Ultimately, the merchant is in control of the resolution of the matter and may seek other methods of resolving the "hot" check including retrieving the check from the District Attorney's office in order "to take a different action to collect on the check." *Id.* Willborn sought prosecution, but the Bexar County District Attorney did not file any criminal case or indictment regarding Hanna's "bad check." *Id.*; *see also* ECF No. 55-1, par. 5.

While serving as an Assistant District Attorney with the Guadalupe County District Attorney's office, Willborn asked a colleague to prosecute Hanna for the theft of the Jaguar. ECF No. 55-2, par. 6. His request was initially refused. *Id.* Willborn resigned his position with the Guadalupe County District Attorney's office in November 2011, was elected County Attorney of Guadalupe County in November 2012, and assumed his role as Guadalupe County Attorney in January 2013.[2] *Id.*, par. 3. In 2012, apparently prior to Willborn's election, Guadalupe County District Attorney Heather McMinn told Willborn that she had decided to prosecute Hanna for the theft of Willborn's 1994 Jaguar. *Id.*, par. 7. On June 5, 2014, the grand jury of Guadalupe County returned a two-count "True Bill of Indictment" against Hanna. ECF No. 55-3. Count one charged Hanna with theft of property[3] and count two charged Hanna with unauthorized use of a vehicle.[4] *Id.*

---

[2] Until January 1, 2017, the Guadalupe County District Attorney and the County Attorney of Guadalupe County were separate entities. ECF No. 55-2, par. 3. Willborn has served as the County Attorney of Guadalupe County since January 2013. *Id.* As part of the merger of the two offices, Willborn assumed responsibility for felony prosecutions on January 1, 2017. *Id.*

[3] "A person commits [theft] if he unlawfully appropriates property with intent to deprive the owner of property. . . . Appropriation of property is unlawful if: it is without the owner's effective consent . . . ." Tex. Penal Code § 31.03. An indictment for theft must be presented within "five years from the date of the commission of the offense . . . ." Tex. Code Crim. Proc. Art. 12.01. "The time during which the accused is absent from the state shall not be computed in the period of limitation." Tex. Code Crim. Proc. Art. 12.05.

[4] "A person commits [the offense of unauthorized use of a vehicle] if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner. . . . An offense under this section is a state jail felony." Tex. Penal Code § 31.07. After assessing certain considerations, a court "may punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A

In 2014, Hanna campaigned for the Maryland State Senate. ECF No. 6 at 3. In May of that year, Hanna received a text message from Willborn, threatening to destroy Hanna's political campaign if he did not pay Willborn $4,500. *Id.* In the text message, Willborn informed Hanna that he was now a prosecutor (the Guadalupe County Attorney) and touted his credentials as a way of making Hanna's life "very uncomfortable" if he did not comply. *Id.* The grand jury signed the above referenced indictment the week prior to the election. *Id.* Willborn publicized the indictment in Maryland by sending copies of the indictment to media outlets and to Hanna's opponent, who was ultimately elected. *Id.* at 3–4.

In November 2015, Hanna was arrested in Maryland pursuant to the indictment and extradited to Texas. *Id.* at 4. While Hanna was incarcerated in Texas, he moved for the disqualification of the County Attorney and District Attorney's Office on the basis of a conflict of interest in the prosecution of his case due to Willborn being both prosecutor and victim. *Id.* The motion was granted, and a special prosecutor was appointed to the case on January 21, 2016. *Id. See also* ECF No. 55-5, Order Appointing Special Prosecutor, dated Jan. 25, 2016.

On October 6, 2016, the Guadalupe County grand jury swore out a second indictment, charging that Hanna, "on or about" May 23, 2008 "with intent to harm or defraud David Willborn, by deception, to wit: providing a check, when [Hanna] did not have sufficient funds in his account, for the purchase of a vehicle. . . ."[5] ECF No. 55-6. This indictment was predicated on "the same

---

misdemeanor . . . . At the request of the prosecuting attorney, the court may authorize the prosecuting attorney to prosecute a state jail felony as a Class A misdemeanor." Tex. Penal Code § 12.44.

[5] "A person commits [the offense of issuance of bad check or similar sight order] if he issues or passes a check or similar sight order for the payment of money knowing that the issuer does not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders outstanding at the time of issuance. . . . A person charged with an offense under this section may make restitution for the bad checks or sight orders. . . . Except as otherwise provided by this subsection, an offense under this section is a Class C misdemeanor." Tex. Penal Code § 32.41. "A complaint or information for any Class C misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward." Tex. Code Crim. Proc. Art. 12.02.

conduct, same act, or same transaction" as the 2014 indictment that remained pending. *Id.* The special prosecutor initiated a separate case for each of the three counts raised in the indictments. *See* ECF No. 55-7. On December 12, 2017, Hanna pled guilty in one case in exchange for dismissal of the other two cases. *Id.*

Hanna filed suit in federal court on December 12, 2018, in the District of Maryland. *See* ECF Nos. 1, 6. His case was transferred to the Western District of Texas on December 17, 2018. *Id.* Motions to dismiss Hanna's amended complaint based on timeliness were denied. *See* ECF Nos. 28, 32. By stipulation, District Attorney of Bexar County, Texas was dismissed from the action with prejudice. *See* ECF Nos. 60, 61. The two remaining Defendants, Guadalupe County Attorney's Office ("Guadalupe County") and Willborn, now move for summary judgment on all claims. *See* ECF Nos. 55 at 1. Hanna's amended complaint, ECF No. 6, is the live pleading. It brings claims for false imprisonment and violation of due process under 42 U.S.C. § 1983 and for malicious prosecution under Texas law. ECF No. 6 at 6-7.

## II. LEGAL STANDARD

The Court will grant summary judgment if the record shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48. There is no genuine dispute for

trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate competent summary judgment evidence "showing that there is a genuine [dispute] for trial." *Adams*, 465 F.3d at 164; *Matsushita*, 475 U.S. at 585–87. The parties may satisfy their respective burdens by "tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992); *accord* Fed. R. Civ. P. 56(c).

When ruling on a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55. When the nonmoving party fails "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

### III. DISCUSSION

Hanna contends, in essence, that his arrest, prosecution, and conviction pursuant to a plea agreement amount to false arrest, false imprisonment, and malicious prosecution. He seeks money damages for the alleged violations of his Constitutional rights.

In *Heck v. Humphrey*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when [an individual who has been convicted in a state court] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994) (emphasis in original).

If the court were to grant Hanna the damages he seeks under the facts of this case, such ruling would necessarily implicate the validity of his conviction. *See Wells v. Bonner*, 45 F.3d 90, 94-95 (5th Cir. 1995) (malicious prosecution and lack of probable cause for arrest). Accordingly, under *Heck*, Hanna must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Hanna has failed to make such a showing. Consequently, claims brought under 42 U.S.C. § 1983 must be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff's state claim for malicious prosecution must be dismissed for the same reason. To prove a malicious criminal prosecution under Texas law, a plaintiff must prove: (1) a criminal

prosecution commenced against the plaintiff, (2) the defendant initiated or procured that prosecution, (3) the prosecution terminated in the plaintiff's favor, (4) the plaintiff was innocent of the charges, (5) the defendant lacked probable cause to initiate the prosecution, (6) the defendant acted with malice, and (7) the plaintiff suffered damages. *Kroger Tex. Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 792 n.3 (Tex. 2006) (citation omitted). The prosecution in Plaintiff's case did not terminate in his favor. Hanna pled guilty to "Securing Execution of Document by Deception." ECF No. 55-8. Therefore, Plaintiff's malicious prosecution claim brought under Texas law must be dismissed with prejudice.

In naming Guadalupe County as a defendant, it is unclear whether Plaintiff intended to name Willborn in his official capacity or intended to allege a *Monell* claim against Guadalupe County. *Monell v. Department of Social Servs.,* 436 U.S. 658 (1978). As to any official capacity claim, as the Supreme Court has stated, "there is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985) (the Court refers to its decision in *Monell*, 436 U.S. 658). Thus, to the extent Plaintiff brings an official capacity claim against Willborn, it is dismissed.

Hanna also cannot maintain a § 1983 claim against Guadalupe County on a policy or custom theory. While a municipality may be held liable under section 1983 where unconstitutional conduct resulting in injury to plaintiff was caused by "execution of a government's policy or custom," *Monell,* 436 U.S. at 694 (1978), Hanna has neither alleged facts nor brought evidence of any policy or custom of Guadalupe County that caused the injuries he alleges. Accordingly, to the extent Hanna brings a *Monell* claim based on a policy or custom of Guadalupe County, it is dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS *Guadalupe County Defendants' Motion for Summary Judgment*, ECF No. 55. Plaintiff's 42 U.S.C. § 1983 claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met. All other claims are dismissed with prejudice. This ruling disposes of all remaining claims in this action. Accordingly, the Court issues a final judgment pursuant to Fed. R. Civ. P. 58 contemporaneously with this Memorandum Opinion and Order.

It is so ORDERED this 15th day of December 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE